CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Charlottesville
MAR 17 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:97-cr-00028 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GAVIN RODERICK WHITE | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

Defendant submitted a pro se "motion to appoint counsel," dated February 7, 2008, requesting that the court appoint counsel to submit a motion under 18 U.S.C. § 3582(c)(2), seeking recalculation of his sentencing guidelines range and a corresponding reduction of his sentence pursuant to Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), regarding crack cocaine sentencing.[1] On February 11, 2008, defendant's motion was construed as a pro se motion to reduce sentence and was entered upon the docket as such. See docket no. 94. On March 3, 2008, the court denied defendant's motion because "[d]efendant was classified as a career offender, and thus is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2)."[2] See docket no. 95.

The case is presently before the court on defendant's motion [docket no. 96], by counsel[3], seeking the following: that the court reconsider its March 3, 2008, ruling and give counsel "a reasonable opportunity to brief the issue"; extend defendant's time to lodge a notice of appeal; and

---

[1] The Amendment was presented to Congress on May 1, 2007, as Amendment 9; however, it became effective, on November 1, 2007, as Amendment 706 of the United States Sentencing Guidelines. See U.S. SENTENCING GUIDELINES MANUAL supplement to app. C (2007). Amendment 711 amends Amendment 706 to change the commentary regarding the determination of base offense levels in offenses involving additional controlled substances. Id. Amendment 713 makes Amendment 706 retroactively applicable, effective March 3, 2008. See U.S. SENTENCING GUIDELINES MANUAL supplement to 2007 supplement to app. C (2008).

[2] In his motion [docket no. 94], defendant acknowledges his status as a career offender.

[3] The motion was submitted by one of defendant's former court-appointed counsel, who requests appointment for the purposes of the instant motion, but expresses his willingness to proceed pro bono publico.

appoint counsel to represent defendant.

The court's review of the record indicates that, because of his classification as a career offender, defendant is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the U.S.S.G..[4] Accordingly, defendant's request for a reconsideration of the court's order of March 3, 2008, will be **DENIED**.

Regarding defendant's motion seeking the appointment of counsel, it is well settled that "a criminal defendant has no right to counsel beyond his first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991). While in some limited circumstances, due process mandates the appointment of counsel for certain post-conviction proceedings, a motion to reduce sentence pursuant to § 3582(c) does not fit into this category; as a general matter, there is no right to a hearing and the assistance of counsel on consideration of a motion for reduction of sentence under § 3582(c). See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000)("A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law

---

[4] Because of defendant's career offender status, this court lacks the authority to reduce defendant's sentence. Section 3582(c)(2) provides the authority to reduce a sentence only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the applicable policy statement, § 1B.10(a), provides that if "the guideline range applicable to th[e] defendant has been . . . lowered as a result of an amendment to the Guidelines Manual listed in subsection c below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B.10(a). Thus, a reduction under § 3582(c)(2) is not authorized unless an amendment reducing the applicable guidelines range is among those listed in § 1B.10(c) of the Sentencing Guidelines. Defendant is not eligible for a reduction under Amendment 706 because the Guidelines range applicable to him remains unchanged. Because he was sentenced as a career offender, the Guidelines range applicable to defendant is prescribed by U.S.S.G. § 4B1. Amendment 706 has no effect on defendant's status as a career offender; defendant meets the definition of career offender regardless of the changes implemented by Amendment 706. Because Amendment 706 does not change defendant's career offender status, it does not change the sentencing range applicable to him. As a career offender, the base offense level of defendant's crime was determined based on the statutory maximum for his offenses. U.S.S.G. § 4B1.1. None of the provisions relevant to calculating defendant's sentence was affected by Amendment 706.
    Defendant has previously challenged his career offender classification on direct appeal to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed, inter alia, this court's application of the career offender sentencing enhancement in U.S.S.G. § 4B1.1(a). Defendant was represented on appeal by the same counsel who has filed the instant motion. See Fourth Circuit Case No. 05-4739 (February 1, 2006).

and the Constitution.'"), quoting United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999). Modification of a sentence under 18 U.S.C. § 3582(c)(2) is at the court's discretion, and defendant demonstrates no need for the appointment of counsel in this matter. Accordingly, defendant's motion seeking the appointment of counsel will be **DENIED**.[5]

Regarding defendant's motion for an extension of time within which to file a notice of appeal, the motion is **GRANTED**. For cause shown, defendant will be granted thirty (30) days from March 13, 2008, within which to file a notice of appeal.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the defendant and to all counsel of record.

**ENTER:** This 17th day of March, 2008.

Jackson L. Kiser
Senior United States District Judge

---

[5] Should counsel choose to represent defendant on appeal, he may move for such appointment by filing a motion with the court of appeals.

3